UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>              Plaintiff,<br><br>    v.<br><br>D. COREE, et al.,<br><br>              Defendants. | Case No.: 1:22-cv-01119-SKO (PC)<br><br>**ORDER REGARDING PLAINTIFF'S REQUEST FOR STATUS**<br><br>(Doc. 13) |

Plaintiff Jeremy Jones is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.      INTRODUCTION**

Plaintiff filed his original complaint on September 2, 2022. (Doc. 1.)

On June 27, 2023, the Court issued its First Screening Order finding that Plaintiff's complaint failed to state a claim upon which relief could be granted. (Doc 7 at 9-21.) Plaintiff was directed to file a first amended complaint, or a notice of voluntary dismissal, within 21 days. (*Id*. at 21-22.) Plaintiff filed a first amended complaint on August 14, 2023. (Doc. 10.)

On June 6, 2024, the Court issued its Second Screening Order. (Doc. 11.) The Court determined that Plaintiff plausibly alleged First Amendment retaliation and Eighth Amendment conditions of confinement claims against Defendant Jiminez, as well as Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Ahlmeye, Castro, Grewal, Igbinosa, Mejia, Montes, Navarro, Pena, Serda and Stovall. The Court further found Plaintiff failed to allege any other cognizable claim against any other named Defendant. (*Id*. at 9-20.)

Plaintiff was directed to do one of the following within 21 days: (1) notify the Court in writing that he did not wish to file a second amended complaint and was willing to proceed only on his Eighth Amendment conditions of confinement claim against Defendant Jimenez, First Amendment retaliation claim against Defendant Jimenez, and Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Ahlmeye, Castro, Grewal, Igbinosa, Mejia, Montes, Navarro, Pena, Serda and Stovall; *or* (2) file a second amended complaint curing the deficiencies identified by the Court in the screening order; *or* (3) file a notice of voluntary dismissal. (*Id*. at 20-22.) Plaintiff filed a second amended complaint on June 28, 2024. (Doc. 12.)

On April 7, 2025, Plaintiff filed a document titled "Request for Status Update." (Doc. 13.) Plaintiff states he has continued to monitor his case "on the CDCR computer system Lexis Nexis." He states recently however the system shows "zero references to Jones v. Goree, with the correct spelling or Jones v. Coree with the incorrect spelling." Plaintiff states the only result now "is in another case Jones v. Castillo Case No. 1:24-cv-00831-EPG (PC)." He states that, based on his experience, when "one case had to be broken up into four due to 'Improper Joinder' … those cases just disappeared." Plaintiff requests an update on the status of this case "and the reason as to why this case is no longer in the system."

**II.     DISCUSSION**

The Court first addresses Plaintiff's concern that "this case is no longer in the system." The Court cannot explain any discrepancy in "the CDCR computer system Lexis Nexis," but assures Plaintiff this action is open in this Court.

Second, to the extent the caption for this action remains "*Jones v. Coree, et al.*," the caption will remain as originally designated until the Court deems it appropriate to be recaptioned.

Third, Plaintiff is advised this Court is one of the busiest district courts in the nation. All judges carry heavy caseloads. The undersigned's caseload is currently comprised of more than 250 active regular civil actions, habeas corpus petitions, pro se prisoner actions, and social security appeals. The undersigned handles additional criminal matters assigned to a magistrate judge. Delays, while unfortunate, are inevitable, and Plaintiff's second amended complaint will be screened in due course. Plaintiff need not take any action until the Court addresses his second amended complaint.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court **HEREBY ORDERS** Plaintiff's request for status (Doc. 13) deemed **RESOLVED**.

IT IS SO ORDERED.

Dated:   **April 9, 2025**                                           /s/ *Sheila K. Oberto*
                                                                                         UNITED STATES MAGISTRATE JUDGE