1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9              **EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| JEREMY JONES, | Case No.: 1:22-cv-1119 JLT SKO (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL, DISMISSING CERTAIN CLAIMS AND DEFENDANT HERNANDEZ, AND DIRECTING THE CLERK OF COURT TO UPDATE THE DOCKET |
| v. | |
| D. COREE, et al., | |
| Defendants. | |
| | (Doc. 16) |

Jeremy Jones seeks to hold the defendants liable for violations of his constitutional rights while housed at Kern Valley State Prison. The assigned magistrate judge screened Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A(a) and found Plaintiff stated the following cognizable claims: (1) Eighth Amendment conditions of confinement claims against defendants Jimenez and Goree (Claims 1 & 5); (2) Fourteenth Amendment due process claims against defendants Goree, Brown, Thomas, Cortez, and Valdez (Claim 2); (3) First Amendment retaliation claims against defendants Jimenez and Brown (Claim 3); and (4) Eighth Amendment deliberate indifference to serious medical needs claims against defendants Jackson, Castro, Igbinosa, Ahlmeyer, Grewal, Ramos,[1] Pena, Mejia, Montes, Navarro, Serda, Stovall, and Jane or

---

[1] The magistrate judge inadvertently omitted Defendant Ramos from her recommendation that the action proceed as to Plaintiff's claim 4 (*cf.* Doc. 16 at 12 [recognizing allegations against Ramos] to Doc. 16 at 15-16 [omitting Ramos from listed defendants following analysis]); thus, the Court corrects the unintended error here.

1 | John Doe (Claim 4). (Doc. 16 at 5-16, 18.) However, the magistrate judge determined that
2 | Plaintiff failed to state any other cognizable claim against any other defendant. (*Id*. at 16-18.)

3 | Plaintiff filed timely objections to the Findings and Recommendations. (Doc. 2.)
4 | Plaintiff indicates that he has one "minor objection" related to Claim 5. (*Id.* at 1-2.) Plaintiff
5 | questions why the Court's analysis of Claim 4 for does not also apply to Claim 5. (*Id.* at 1.) He
6 | states, "If it is because medical cannot be held liable for a condition of confinement, then [he]
7 | has no argument." (*Id.*) Plaintiff indicates that he otherwise "accepts these findings and
8 | recommendations." (*Id.* at 2.)

9 | Claims for deliberate indifference to serious medical needs are distinct from claims related
10 | to conditions of confinement. Towards this end, a plaintiff may state a claim against a defendant
11 | for deliberate indifference to a medical need but fail to state a claim for conditions of
12 | confinement, or vice versa. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 107-08 (1976) (dismissing a
13 | medical needs claim and permitting a condition of confinement claim to proceed). Thus, the
14 | finding that Plaintiff stated a claim for deliberate indifference to medical care does not mandate a
15 | finding that Plaintiff also stated a claim related to the conditions of confinement.

16 | The magistrate judge construed Claim 5 as including claims against identified Reasonable
17 | Accommodation Panel (RAP) members and Hernandez, who reviewed Plaintiff's 1824 Request to
18 | cover his back window and/or be housed in a cell with a tinted window. (Doc. 16 at 17-18.) The
19 | magistrate judge found that Plaintiff failed to state a claim against RAP members and Hernandez
20 | because Plaintiff failed to show any "casual connection or link between the actions of these
21 | defendants and the deprivation allegedly suffered by Plaintiff." (*Id.* at 18.) In his objections,
22 | Plaintiff does not identify any allegations in the SAC that link these defendants to the alleged
23 | constitutional violation or otherwise identify any new allegations that would cure this deficiency.

24 | To the extent Plaintiff asserted in Claim 5 that "he was without a television, radio, and
25 | hotpot for about six months in violation of his constitutional rights," the Magistrate Judge found
26 | he failed to state a claim related to conditions of confinement, because "[s]uch amount to routine
27 | discomforts and are not sufficiently grave to warrant relief." (Doc. 16 at 18, citation omitted.) It
28 | does not appear that Plaintiff objects to this finding of the Magistrate Judge.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated May 30, 2025 (Doc. 16) are **ADOPTED** in full.
2. This action **PROCEEDS** <u>only</u> on the following claims in the SAC (Doc. 12):
   a. Eighth Amendment conditions of confinement claims against Defendants Jimenez and Goree;
   b. Fourteenth Amendment due process claims against Defendants Goree, Brown, Thomas, Cortez, and Valdez;
   c. First Amendment retaliation claims against Defendants Jimenez and Brown; and
   d. Eighth Amendment deliberate indifference to serious medical needs against defendants Jackson, Castro, Igbinosa, Ahlmeyer, Grewal, Ramos, Pena, Mejia, Montes, Navarro, Serda, Stovall, and Jane or John Doe.
3. Any remaining claims in Plaintiff's second amended complaint are **DISMISSED**.
4. Defendant Hernandez is **DISMISSED** from this action.
5. The Clerk of Court is directed to update the docket to:
   a. Correct Defendant "D. Coree" to "D. Goree;
   b. Terminate "KVSP Medical" as a defendant; and
   c. Add the following as defendants: S. Ahlmeyer, Associate Warden Castro, M. Grewal, Dr. Igbinosa, Associate Warden Jackson, A. Mejia, Y. Montes, M. Navarro, B. Pena, E. Ramos, S. Serda, and S. Stovall.

IT IS SO ORDERED.

Dated:   **August 21, 2025**

UNITED STATES DISTRICT JUDGE