

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JEREMY JONES,

Plaintiff,

v.

D. GOREE, et al.,

Defendants.

Case No.: 1:22-cv-01119-JLT-SKO (PC)

**ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO OPPOSE DEFENDANTS' MOTION TO DISMISS**

**14-DAY DEADLINE**

Plaintiff Jeremy Jones is proceeding pro se and *in forma pauperis* in this civil rights action. This action proceeds on the following claims: (1) Eighth Amendment conditions of confinement claims against Defendants Jimenez and Goree (Claims 1 & 5); (2) Fourteenth Amendment due process claims against Defendants Goree, Brown, Thomas, Cortez, and Valdez (Claim 2); (3) First Amendment retaliation claims against Defendants Jimenez and Brown (Claim 3); and (4) Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Jackson, Castro, Igbinosa, Ahlmeyer, Grewal, Ramos, Pena, Mejia, Montes, Navarro, Serda, Stovall, and Jane or John Doe (Claim 4). (*See* Doc. 24.)

## I.    INTRODUCTION

On December 29, 2025, Defendants filed their motion to dismiss Plaintiff's second amended complaint. (Doc. 40.)  Although more than 21 days have passed, Plaintiff has failed to file an opposition or statement of non-opposition to Defendants' motion.

## II.    DISCUSSION

This Court's Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See* Local Rule 110. Further, the Local Rules also state:

> Opposition, if any to the granting of a motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

Local Rule 230(*l*) ("Motions in Prisoner Actions"). Therefore, Plaintiff's opposition or statement of non-opposition to Defendants pending motion was due no later than January 20, 2026, plus time for mailing.[1]

More than 29 days have passed, but Plaintiff has filed neither an opposition nor a statement of non-opposition to Defendants' motion to dismiss, nor has Plaintiff otherwise contacted the Court.

## III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1.  Plaintiff **SHALL** show cause in writing, **within 14 days** of the date of service of this order, why sanctions should not be imposed for his failure to comply with the Local

---

[1] To be clear, the Court's prior and/or intervening orders concerning the service of process concerning Defendant Jimenez do not affect Plaintiff's obligation under this Court's rules to file a statement of opposition or non-opposition to the pending motion to dismiss.

2

Rules and failure to prosecute. Alternatively, within that same time, Plaintiff may file an opposition or statement of non-opposition to Defendants' motion (Doc. 40) filed December 29, 2025;

2. **<u>WARNING:</u> Plaintiff is advised that a failure to respond to this Order to Show Cause (OSC) may result in a recommendation that this action be dismissed for a failure to obey court orders and a failure to prosecute. Alternatively, failure to respond to this OSC may result in the Court deeming Defendants' motion to be unopposed and submitted.**

IT IS SO ORDERED.

Dated:   **January 27, 2026**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE

3