UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>                    Plaintiff,<br><br>          v.<br><br>D. COREE, et al.,<br><br>                    Defendants. | Case No.: 1:22-cv-01119-JLT-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Jeremy Jones is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.      INTRODUCTION**

On August 6, 2025, Plaintiff filed a document titled "Pursuant to F.R.C.P.65(a)(b) Request for Preliminary Injunction Relief and Temporary Restraining Order." (Doc. 23.) Plaintiff seeks a temporary restraining order to (1) restrain "the defendants from any further reprisals, including any bed moves or housing" and (2) restrain "Defendant Jiminez from continuing to 'harass' the Plaintiff by attempting to search him without a supervisor present;" (3) restrain "Defendant Jiminez from searching the Plaintiff's person or living quarters or restrain or

unrestrain Plaintiff without a supervisor being present;" and (4) restrain "the defendants and all other staff from issuing any RVR's, 128's or from imposing any disciplinary actions against the Plaintiff for being in compliance with medical instructions to: Lie Down In A Dark Quiet Room, by blocking the window." (Doc. 23 at 1-2.)

Plaintiff states he suffers from a "very serious and excruciating condition that he never should've be written up for, let alone disciplined and deemed a program failure." (Doc. 23 at 2.) He contends "any and all RVR's, 128's and [counseling] chronos [received] from 2020 on be dismissed or deemed 'null and avoid' for purposes of his board hearing, as well as the subsequent placement on C-status as a program failure be removed." (*Id.*)

In a separate affidavit, Plaintiff states he does not wish to be moved or rehoused, and that those actions have inconvenienced him enough. (Doc. 23 at 3.) He states he refuses "to have [his] board prep and mental treatment plan disrupted when [he] was the one assaulted on camera." (*Id.*) Next, Plaintiff states: "His [presumably, Jimenez's] supervisors didn't even allow him to search me under their direct supervision" and that "he continues to 'Harrass' me by attempting to search me, knowing full well, that every time I'm going to roll my wheelchair away from the situation and ask for a supervisor." (*Id.* at 3-4.) Plaintiff contends "he does it enough to trigger" a response and "then has the other staff" search Plaintiff "to avoid a supervisor being called." (*Id.* at 4.) He asserts the harassment is "ongoing and now escalating to further 'Retaliation'" and that the motion is warranted. Plaintiff states his "refusal to submit to a search only applies to c/o Jiminez." (*Id.*) Plaintiff concludes by stating he is permanently confined to a wheelchair and not a threat to the safety and security of the institution. (*Id.*) Plaintiff's motion includes a copy of a Grievance/Reasonable Accommodation Request dated July 22, 2025, concerning incidents that occurred on July 5 and 6, 2025. (*Id.* at 5-6.)

## II.    DISCUSSION

### *The Applicable Legal Standards*

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).

A federal district court may issue emergency injunctive relief[1] only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See, e.g.*, *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

*Analysis*

Plaintiff does not specifically address the applicable *Winter* factors. In any event, Plaintiff has not met the first *Winter* factor. This action proceeds on the claims found cognizable following screening of Plaintiff's second amended complaint: (1) Eighth Amendment conditions of confinement against Defendants Jimenez and Goree; (2) Fourteenth Amendment due process against Defendants Goree, Brown, Thomas, Cortez, and Valdez; (3) First Amendment retaliation against Defendants Jimenez and Brown; and (4) Eighth Amendment deliberate indifference to serious medical needs against Defendants Jackson, Castro, Igbinosa, Ahlmeyer, Grewal, Ramos, Pena, Mejia, Montes, Navarro, Serda, Stovall, and Jane or John Doe. (*See* Doc. 24.) Defendants have filed a motion to dismiss the second amended complaint, contending Plaintiff has failed to state claims upon which relief can be granted and ask the Court to dismiss the operative complaint without leave to amend. (Doc. 40.) The motion is pending and briefing is ongoing.[2] Further, while the Court previously determined Plaintiff's second amended complaint stated plausible claims, those claims are based upon factual assertions and have not yet been proven. It is too early to determine whether Plaintiff is likely to succeed on the merits of his claims. Thus, Plaintiff cannot establish he is likely to succeed on the merits of his claims. *Glossip*, 576 U.S. at 876; *Winter*, 555 U.S. at 20; *see also Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (in deciding whether a preliminary injunction should issue, the likelihood of success on the merits is the most important factor for the court to consider).

Plaintiff's motion also makes an inadequate showing that he is likely to suffer irreparable harm in the absence of preliminary relief, the second *Winter* factor. *Glossip*, 576 U.S. at 876; *Winter*, 555 U.S. at 20. Plaintiff does assert continued and ongoing retaliation by Jimenez but also states that Jimenez asks other prison staff to conduct the cell searches. Further, Plaintiff states that he consistently refuses to comply with Jimenez's requests by rolling his wheelchair away from Jimenez; but no determination has been made about Jimenez's conduct and any harm is

---

[2] The undersigned issued an Order to Show Cause (OSC) on January 27, 2026, because Plaintiff failed to file an opposition to Defendants' motion to dismiss. Plaintiff was ordered to respond within 14 days. (*See* Doc. 44.)

4

speculative at this point. Moreover, Plaintiff does not indicate he continues to receive rules violation reports and his motion reveals that he recently submitted a grievance concerning Jimenez's behavior in early July 2025. That grievance has presumably been considered by Kern Valley State Prison officials in accordance with the grievance process. Therefore, again, any irreparable harm in the absence of the relief Plaintiff seeks is speculative. *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007) ("Speculative injury cannot be the basis for the finding of irreparable harm"); *Goldie's Bookstore, Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury"); *Witkin v. Snelling*, No. 2:21-cv-2181 JAM AC P, 2022 WL 602657, at *2 (E.D. Cal. Mar. 1, 2022) ("The motion is based entirely on Plaintiff's assertions regarding past events and what he believes may happen in the future. … Any belief on Plaintiff's part that Defendants or high-level offender inmates will physically harm him, or that particular Defendants will continue to retaliate against him for filing grievances, is purely speculative and thus does not constitute irreparable harm warranting a preliminary injunction"). At best, Plaintiff has shown only that irreparable harm is possible. *Alliance for the Wild Rockies*, 632 F.3d at 1131.

Lastly, the undersigned finds Plaintiff fails to establish the third and fourth *Winter* factors. He makes no showing that the balance of equities tips in his favor or that an injunction is in the public interest. *Glossip*, 576 U.S. at 876; *Winter*, 555 U.S. at 20. Without establishing a likelihood of success on the merits or a credible showing of irreparable harm, the undersigned finds the balance of equities does not tip in Plaintiff's favor, nor does it appear that the injunction Plaintiff seeks is in the public's interest. *See, e.g.*, *Crump v. O'Campo*, No. 2:20-cv-2343 KJN P, 2021 WL 960964, at *2 (E.D. Cal. Mar. 15, 2021) ("the public interest weighs in favor of not interfering with prison administration, particularly with regard to mental health treatment and housing decisions"); *Haynes v. Diaz*, No. 1:19-cv-00813-EPG (PC), 2020 WL 2857947, at *4 (E.D. Cal. Mar. 4, 2020) (recommending injunctive relief be denied and stating Haynes failed "to show the balance of equities supports injunctive relief. Prison administration is a difficult and onerous task and courts have traditionally accorded a large degree of deference in cases involving

the administration of state penal institutions"), recommendation adopted, 2020 WL 2850166 (E.D. Cal. June 2, 2020).

In sum, Plaintiff is not entitled to the extraordinary relief afforded by a preliminary injunction or temporary restraining order. *Winter*, 555 U.S. at 24.

## III.   CONCLUSION AND RECOMMENDATION

For the reasons given above, the Court **HEREBY RECOMMENDS** that Plaintiff's motion for injunctive relief (Doc. 23) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **January 29, 2026**                    /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE

6