UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>Plaintiff,<br><br>v.<br><br>D. GOREE, et al.,<br><br>Defendants. | Case No.: 1:22-cv-01119-JLT-SKO (PC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 44)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO OPPOSE DEFENDANTS' MOTION TO DISMISS**<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR E-FILING PRIVILEGES**<br><br>(Doc. 47) |

Plaintiff Jeremy Jones is proceeding pro se and *in forma pauperis* in this civil rights action. This action proceeds on the following claims: (1) Eighth Amendment conditions of confinement claims against Defendants Jimenez and Goree (Claims 1 & 5); (2) Fourteenth Amendment due process claims against Defendants Goree, Brown, Thomas, Cortez, and Valdez (Claim 2); (3) First Amendment retaliation claims against Defendants Jimenez and Brown (Claim 3); and (4) Eighth Amendment deliberate indifference to serious medical needs claims against

Defendants Jackson, Castro, Igbinosa, Ahlmeyer, Grewal, Ramos, Pena, Mejia, Montes, Navarro, Serda, Stovall, and Jane or John Doe (Claim 4). (*See* Doc. 24.)

## I. BACKGROUND

On December 29, 2025, Defendants filed a motion to dismiss Plaintiff's second amended complaint. (Doc. 40.) After Plaintiff failed to file an opposition or statement of non-opposition to Defendants' pending motion, on January 27, 2026, the Court issued an Order to Show Cause (OSC) Why Sanctions Should Not Be Imposed for Plaintiff's Failure to Oppose Defendants' Motion to Dismiss. (Doc. 44.) Plaintiff was directed to respond within 14 days. (*Id*. at 2-3.)

On February 9, 2026, Plaintiff filed a document titled "Notice, Request for [Extension] of Time Due to Extreme Circumstances and Special Request to E-File All Future Filings By Plaintiff" (Doc. 47) and a "Notice to the Court"[1] (Doc. 48).

## II. DISCUSSION

Plaintiff states that following service "of the defendants in this case, there's been a blaton [sic] retaliation by this institution by denial of access to the court by refusing to mail out the Plaintiff's legal mail after it has been processed in accordance with 'the Mailbox Rule.'" (Doc. 47.) Plaintiff contends those actions have been "deliberate and intentional" and have led to the dismissal of another of his pending cases.[2] (*Id*. at 1-2.) As a result of those "extreme circumstances," Plaintiff states he "had to take extreme measures to file this notice and motion this court of ran extension of time." (*Id.* at 2.) For those same reasons, Plaintiff moves "to have all future filings, E-filed through the law library staff, that its kept confidential to prevent further

---

[1] The notice includes a caption identifying the plaintiff as "Nazario Jaquez," although it bears this action's case number. The notice advises that "due to the extreme circumstances of this institution refusing to give my neighbor access to the court through the mail process, I am compelled to make this attempt to access the court on his behalf, by using my name to process this motion (legal mail) to keep it from going missing again." (Doc. 48.) The notice was signed by Nazario Jaquez on February 5, 2026. (*Id.*)

[2] Plaintiff identifies the case as "Jones v. Drayton Case No. 2:21-cv-06020 ODW." (Doc. 48 at 2.) A review of the docket for *Jones v. Drayton*, et al., case number 2:21-cv-06020-ODW-AYP, filed in the United States District Court for the Central District of California, reveals the action was dismissed on January 26, 2026, for Plaintiff's "unreasonable failure to prosecute and his failure to comply with the October Order by the extended deadline to do so." (*See* Docket Entry No. 64.) *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").

reprisals … and so there's no blow back on library staff." (*Id.*) Plaintiff alleges he "has proof of" these allegations, but "does not have access to the law library and will provide copies in his future filings." (*Id.* at 1.)

### *Plaintiff Will Be Granted an Extension of Time*

Plaintiff will be granted an extension of 21 days within which to respond to Defendants' pending motion to dismiss.

### *Plaintiff Is Not Entitled to E-Filing Privileges*

Local Rule 133(b)(2) provides that a "person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." Generally, "self-represented litigants are not permitted to e-file in this district." *Miller v. Sacramento City Unified School District*, No. 2:21-cv-0757-JAM-CKD PS, 2021 WL 3539733, at *3 (E.D. Cal. Aug. 11, 2021).

Here, the Court does not find good cause to except Plaintiff from the requirement that he file and serve paper documents. *See* Local Rule 133(a) ("Pro se parties shall file and serve paper documents as provided in these Rules"). Although unclear, but assuming Plaintiff's request is based on an assertion that he prepared and submitted for mailing a previous request for an extension of time that was not mailed to the Court, a single instance of an outgoing mail violation[3] does not warrant access to e-filing. *See, e.g.*, *Calhoun v. Dela Cruz*, No. 2:20-cv-02209 DAD DB P, 2023 WL 2774700, at *5 (E.D. Cal. Apr. 4, 2023) (denying prisoner's motion to order the law librarian to assist plaintiff to file electronically); *see also Riaz v. Henry*, No. 1:21-cv-00911-KES-SKO, 2025 WL 2174190, at *1 (E.D. Cal. July 31, 2025) (denying motion for e-filing access by pro se plaintiff and noting "[l]engthy filings, efficiency, and cost effectiveness do not warrant an exception"); *Driver v. Kern County Superior Court*, No. 2:20-cv-1665 TLN KJN

---

[3] A single mistake or occasional mishandling of mail, legal or nonlegal, does not state a claim under section 1983. *Reynolds v. Potts*, 8 F.3d 29 (9th Cir. 1993) (citations omitted) (unpublished); *see Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (emphasizing that a temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights). Similarly, a claim for negligent mishandling or misdirection of mail is also not actionable under section 1983. *Rhinehart v. Gomez*, 205 F.3d 1352 (9th Cir. 1999) (citing *Daniels v. Williams*, 474 U.S. 327, 330-32 (1986)).

P, 2022 WL 17629299, at *6 (E.D. Cal. Dec. 13, 2022) (denying prisoner's request to use e-filing because "the CDCR canteen will not stock postage and/or mailing envelopes" because record establishes multiple filings submitted during the relevant period undermine plaintiff's assertion).

**III.     CONCLUSION AND ORDER**

Accordingly, the Court **HEREBY ORDERS** that:

1.  The OSC issued January 27, 2026 (Doc. 44) is **DISCHARGED**;

2.  Plaintiff's request for an extension of time (Doc. 47) within which to file an opposition to Defendants' motion to dismiss is **GRANTED**. Plaintiff **SHALL** file any opposition **within 21 days** of the date of service of this Order; and

3.  Plaintiff's "Special Request to E-File" (Doc. 47) is **DENIED**.

**WARNING: A failure to comply with this Order will result in a recommendation that this action be dismissed, without prejudice, for a failure to comply with court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **February 12, 2026**               /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

4